# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1   Joseph Gregory Dumouchelle,

    Defendant.

_____/

CRIMINAL NO.

HON.

VIOLATION:

Case: 2:20−cr−20245
Assigned To : Goldsmith, Mark A.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 6/16/2020
Description: INFO USA v. DUMOUCHELLE (SO)

18 U.S.C. § 1343 – Wire Fraud

## INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Joseph Gregory Dumouchelle (D-1) (Dumouchelle), of Birmingham, Michigan and was the owner of "Joseph DuMouchelle Fine and Estate Jewelry Buyers, Sellers, Appraisers and Auctioneers, LLC. (DFE).

2. DFE did business in the State of Michigan and elsewhere.

3. T.R. was a resident of North Dakota and Arizona and was a client of Dumouchelle and DFE.

1

4. The "Yellow Rose Diamond" (Yellow Rose) was the nickname given to a ring containing a 77.12 carat primary diamond which was variously valued at between $12,000,000 and $18,000,000.

5. RD was a business owner and consultant whose name and contact information was used by Dumouchelle to trick TR into sending Dumouchelle money.

6. Bank of America was a financial institution doing business in the State of Michigan and throughout the United States.

7. Dumouchelle was a Bank of America customer holding an account ending in 0585.

## COUNT ONE
(18 U.S.C. § 1343, Wire Fraud)

D-1 Joseph Gregory Dumouchelle

The general allegations are included in this count.

8. From in or about February 2019 through in or about May 2019, Joseph Gregory Dumouchelle devised and executed a scheme to obtain money by means of false and fraudulent material pretenses, representations and promises.

2

9. In late 2018, TR contacted Dumouchelle attempting to collect a $430,000 debt Dumouchelle owed him.

10. In an effort convince TR that the debt would be paid, Dumouchelle offered TR an investment opportunity which Dumouchelle promised would more than pay back his debt.

11. Dumouchelle told TR he had an opportunity to buy the Yellow Rose and would be able to sell it for much more than he paid for it. Dumouchelle promised that if TR helped him buy the Yellow Rose, Dumouchelle would sell it to a buyer represented by RD and would split the profits 70/30 with TR. It was TR's understanding that RD represented the seller of the diamond for this transaction.

### The Scheme

12. Dumochelle, with intent to obtain money by means of false and fraudulent material promises and representations instructed TR to wire transfer $12,000,000 for the purchase of the Yellow Rose. TR agreed to the terms, but insisted that the money be transferred to the seller's account, not to Dumochelle's account.

13. With intent to obtain TR's money by means of false and fraudulent material promises, pretenses and representations, Dumouchelle falsified documents

and emails making it appear that the account the money would be wired to was in fact the seller's.

14. Also with intent to obtain money by means of false and fraudulent material promises and representations, Dumouchelle sent the false information to TR with directions to wire the money to the account with a notation that it was for the benefit of the seller represented by RD.

15. In fact, the wire transfer directions Dumouchelle sent TR were for Dumouchelle's Bank of America account ending in 0585 and at that time there was no actual buyer for the Yellow Rose.

16. Convinced that Dumouchelle was telling the truth, on February 6, 2019 TR wired $12,000,000 to Dumouchelle's DFE account.

17. After receiving the funds and in an effort to lull TR into believing the purchase of the Yellow Rose was legitimate Dumouchelle sent TR a fraudulent receipt making it appear that the Yellow Rose had been purchased.

18. The balance in Dumochelle's Bank of America account before TR's $12,000,000 was deposited was $500. Immediately after the deposit and with intent to obtain money by means of false and fraudulent material promises and representations Dumouchelle withdrew the majority of the money and used it to pay his personal and business debts and expenses.

19. On or about February 6, 2019, in the Eastern District of Michigan, Southern Division, Dumouchelle, with intent to obtain money by means of false and fraudulent material promises and representations and for the purpose of executing the scheme transmitted and caused the transmission of wire communications in interstate commerce in the form of an interstate wire transfer of funds in the amount of $12,000,000 from TR's bank account in Chandler, Arizona Dumouchelle's Bank of America account in Bloomfield Hills, Michigan.

20. All in violation of Title 18, United States Code, Sections 1343.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461

21. The above allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461.

22. As a result of the violations of 18 U.S.C. §1343, as set forth in this Information, Defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 981 with 28 U.S.C. § 2461.

23. <u>Money Judgment:</u> Such property includes, but is not limited to, forfeiture money judgments in an amount to be proved in this matter, representing the total amount of proceeds and/or gross proceeds obtained as a result of the Defendant's violations, as alleged in this Information.

24. <u>Substitute Assets:</u>   If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated

by 18 U.S.C. § 982(b), to seek to forfeit any other property of the Defendant up to the value of the forfeitable property described above.

MATTHER SCHNEIDER
United States Attorney

*s/John K. Neal*
JOHN K. NEAL
Chief, White Collar Crime Unit
Assistant United States Attorney


s/*Karen L. Reynolds*
KAREN L. REYNOLDS
Assistant United States Attorney


*s/Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Assistant United States Attorney


Date: June 16, 2020