UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 20-20245

    HON. MARK A. GOLDSMITH

JOSEPH GREGORY DUMOUCHELLE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR A TWO-WEEK ADJOURNMENT OF THE SENTENCING DATE AND DUE DATE FOR FILINGS (Dkt. 75)

On July 7, 2022, Defendant Joseph DuMouchelle filed an emergency motion for a two-week adjournment of the sentencing date and the due date for filings (Dkt. 75). DuMouchelle's sentencing memorandum is due on July 14, 2022, and his sentencing date is set for July 28, 2022. For the following reasons, DuMouchelle's motion is denied.

DuMouchelle seeks an adjournment so that he can obtain records of medical treatment that he received in May 2022 and present information from these records to the Court with his sentencing memorandum. Id. at 2. However, DuMouchelle does not explain why he waited until one week before the sentencing memorandum deadline to request an adjournment when the records he seeks pertain to medical treatment that he received two months ago. DuMouchelle's failure to raise this issue earlier indicates purposeful or avoidable delay in requesting an adjournment, which weighs against granting the request. See United States v. Sharrak, 527 F. App'x 383, 387 (6th Cir. 2013).

Additionally, DuMouchelle states that he has already requested the medical records, Mot. at 2, so he should receive them with ample time remaining before the sentencing memorandum

deadline.[1]  The Court thus sees no harm to DuMouchelle in a denial of his requested relief, and an adjournment should not be granted where a denial will not lead to any identifiable prejudice to the movant.  See Sharrak, 527 F. App'x at 387.

While DuMouchelle would not be harmed by a denial of his request for an adjournment, his victims would be harmed by a grant of his request.  As the Government points out, several of DuMouchelle's victims—at least one of whom lives out of state—have already made plans to attend the sentencing.  Resp. at 2 (Dkt. 78).

Finally, sentencing has already been adjourned six times since DuMouchelle pleaded guilty.  Id.  Multiple prior continuances counsel against granting yet another adjournment.  See Sharrak, 527 F. App'x at 387.  This is particularly true where, as here, it appears that the defendant is seeking an adjournment for the sole purpose of—as the Government puts it—"trying to avoid the consequences of his actions."  Resp. at 2.

For all of the foregoing reasons, the Court denies DuMouchelle's motion.

SO ORDERED.

Dated: July 11, 2022  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

s/William Barkholz for Karri Sandusky  
WILLIAM BARKHOLZ  
Case Manager

---

[1] DuMouchelle filed an exhibit containing medical records (Dkt. 79), without explaining whether these are the medical records that he seeks to incorporate into his sentencing memorandum.  If they are, then the unnecessary nature of an adjournment is particularly evident.