UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1   JOSEPH GREGORY DUMOUCHELLE,

    Defendant,

Case No. 20-cr-20245

Hon. Mark A. Goldsmith

---

## **DEFENDANT'S MOTION TO WITHDRAW PLEA**

NOW COMES Joseph G. DuMouchelle, ("Defendant") who requests to withdraw his plea and through counsel states as follows:

1.    The Defendant was charged via complaint on November 18, 2019. *United States v. DuMouchelle*, Case No. 19-mj-30586.

2.    He later waived indictment and was charged via an information on June 22, 2020. ECF Nos. 1 and 5.

3.    According to the docket, the Defendant signed a Rule 11 Agreement on September 17, 2020. ECF No. 14, Page ID 44. The Rule 11 Agreement was filed on September 17, 2020. ECF No. 14.

1

4. The Defendant tendered a plea to the Court via Zoom Conference on September 14, 2020. *See*, Minute Entry of Proceedings entered September 14, 2020.

5. A transcript of the plea has been filed. ECF No. 38.

6. The Defendant wishes to withdraw his plea.

7. The Defendant claims three bases for withdrawing his plea.

8. The first basis is that his prior counsel, Jonathan Epstein, was ineffective.

9. The second basis is that the undersigned counsel was ineffective. The undersigned counsel does not believe he was ineffective.

10. The third basis is that his plea of guilty was the result of threats and coercion.

11. Upon information and belief, the Defendant intends to provide the Court with further information about all three bases at the hearing presently scheduled for 3:00 p.m. today.

12. Federal Rule of Criminal Procedure 11(d)(2)(B) governs the withdrawal inquiry here. Pursuant to that rule, a defendant "may withdraw a plea of guilty" if "[t]he defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2).

13. To determine whether the defendant has demonstrated such reasons, courts consider a non-exclusive list of factors:

>(1) the amount of time that elapsed between the plea and the motion to withdraw it;
>(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>(3) whether the defendant has asserted or maintained his innocence;
>(4) the circumstances underlying the entry of the guilty plea;
>(5) the defendant's nature and background;
>(6) the degree to which the defendant has had prior experience with the criminal justice system; and
>(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (citation omitted).

14. No one factor controls. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).

15. A defendant bears the burden of demonstrating a fair and just reason for withdrawal. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). The ultimate decision to permit a defendant to withdraw a guilty plea prior to sentencing is a "matter within the broad discretion of the district court." *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004).

16. A defendant may claim that his "representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation" that they rendered his "guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison,* 431 U.S. 63, 74-75, 97

S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *See also*, *United States v. Wright*, 43 F.3d 491 (11th Cir. 1994).

17. In the context of a guilty plea, appellant must show that there is a "reasonable probability" that, absent the alleged coercion, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

18. The Defendant's position is that the factors set forth in *Haygood* favor his request to withdraw the plea.

19. The Defendant's position is that his three claimed bases for the withdrawal of his plea constitute fair and just reasons under Fed.R.Crim.P. 11.

20. The Defendant's position is that he would not have entered his plea absent the threats and coercion.

21. It appears that a claim that a plea was the result of threat or coercion may require an evidentiary hearing. *Wright*, *supra*.

22. The Defendant's position is that the Government will not be prejudiced if he is allowed to withdraw his plea.

23. To the extent that the Defendant may claim (or the Court may conclude) that the undersigned counsel is a witness, the Defendant should have new counsel to avoid any conflict of interest or appearance thereof. MRPC 1.6 and 1.7.

4

24. The Defendant has apparently requested the opportunity to "hire" a lawyer of his choosing.  ECF No. 82, PageID 652.

25. Allowing the Defendant to hire his own attorney would resolve any potential ethical issues created by the Defendant's request to withdraw his plea.

26. The undersigned counsel sought the concurrence of the Government, and the Government opposes the relief requested.

WHEREFORE, Mr. DuMouchelle requests that the Court allow him to withdraw his plea and proceed to trial.

Respectfully submitted at Mr. DuMouchelle's request,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/Gerald J. Gleeson, II
    Gerald J. Gleeson, II (P53568)
    840 West Long Lake Road, Suite 150
    Troy, Michigan 48098
    Telephone: (248) 267-3296
    gleeson@millercanfield.com
    *Counsel for Defendant*

Dated:  July 18, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 22, I electronically filed the foregoing document, with the Clerk of the court using the ECF system which sent notification of such filing all counsel of record.

By:   s/Gerald J. Gleeson II
        Gerald J. Gleeson, II (P53568)
        Miller, Canfield, Paddock and Stone, PLC
        840 West Long Lake Road, Suite 150
        Troy, Michigan 48098
        Telephone: (248) 267-3296
        gleeson@millercanfield.com