UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    No. 20-20245
             Plaintiff,                    Honorable Mark A. Goldsmith

      vs.

D-1 Joseph Gregory Dumouchelle,
           Defendant.
_____/

## GOVERNMENT'S BRIEF AND RESPONSE IN SUPPORT OF THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

### I.    Background

Dumouchelle was arrested on a complaint on November 14, 2019.

On September 14, 2020, Dumouchelle appeared in front of this court and pleaded guilty to a one count Information charging him with Wire Fraud in connection with the scheme to defraud victim T.R. T.R. was a family friend who gave Dumouchelle $12 million with the understanding it would be used to purchase the "Yellow Rose" diamond. The diamond was never purchased, and T.R. was never repaid. Dumouchelle pleaded guilty pursuant to a Rule 11 plea agreement where he agreed that his sentencing guidelines would be calculated using relevant conduct in addition to the conduct he pleaded guilty to. (ECF No. 14, PageID.32-33).

1

Recently, Dumouchelle has filed *pro se* pleadings complaining that his counsel is incompetent, declaring that he has ordered his counsel not to file a sentencing brief, claiming that he can hire new counsel, and requesting an adjournment of the July 28, 2022 sentencing date.

On July 7, 2022, counsel for Dumouchelle filed a motion to adjourn sentencing for two weeks. (ECF No. 75, PageID.607). Only July 18, 2022, Dumouchelle filed a motion to withdraw his plea. (ECF No. 88, PageID.677).

II.    **Discussion**

Federal Rule of Criminal Procedure 11(d) provides:

Withdrawing a Guilty or Nolo Contendere Plea.   A defendant may withdraw a plea of guilty or nolo contendere:

(1) Before the court accepts the plea, for any reason or no reason; or

(2)    after the court accepts the plea, but before it imposes sentence if:

  (A)   the court rejects a plea agreement under Rule 11(c)(5); or

  (B)   the defendant can show a fair and just reason for requesting the withdrawal.

Thus, under Rule 11(d), a defendant may withdraw a plea for "any reason or no reason" until the time the trial court accepts the plea. *United States v. Mendez-Santana,* 645 F.3d 822, 827 (6th Cir. 2011).   The purpose of Rule 11(d) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone *not* to allow a defendant to make a tactical decision to enter a plea, wait

2

several weeks, and then obtain a withdrawal if he believes he has made a bad

choice in pleading guilty." *United States v. Ellis,* 470 F.3d 275, 280-81 (6th Cir.

2006)(emphasis added). The Eight Circuit has recognized that for purposes of this

rule, the court's acceptance of a plea may be either explicit or implicit. *See United*

*States v. Head,* 340 F.3d 628, 630-31 (8th Cir. 2003). Moreover, a court may

separately accept a plea of guilty and a plea agreement. *Id.* at 631. (citing *United*

*States v. Hyde,* 520 U.S. 670, 673-74 (1997)).

Circuit Courts of Appeal have held that no "talismanic magic words" are

required by the district court to indicate its acceptance of a plea. In *United States v.*

*Battle,* 499 F.3d 315, 321-22 (4th Cir. 2007), the court stated:

> "Rule 11 is silent as to how a district court must signal its acceptance
> of a guilty plea. As a precondition to acceptance, the district court
> must first complete the plea colloquy. Fed. R. Crim. P. 11(b). In that
> regard, acceptance of a guilty plea is intimately tied to the colloquy
> and Rule 11(b). But beyond conducting the colloquy, the Rules do not
> specify what a district court must say or do to accept a plea. Given the
> Rules' silence, we see no reason to require district courts to use some
> kind of talismanic 'magic words' to effect an acceptance once the
> colloquy has been completed."

*Id.* at 321-22; *see United States v. Byrum,* 567 F.3d 1255, 1261 (10th Cir. 2009)

("Rule 11 does not prescribe any specific language of acceptance, and imposing a

requirement on the district court to utter some talismanic words to effect an

3

acceptance is not supported by the Federal Rules of Criminal Procedure or the case law.").

Courts have questioned the utility of a defendant going through the plea colloquy and then whimsically withdrawing their plea later. In *Hyde, supra,* the court stated:

> "Given the great care with which pleas are taken under [the] revised Rule 11...'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act"...'"

*Hyde,* 520 U.S. at 676. In fact, courts have recognized that once the court conducts the Rule 11 colloquy a presumption arises that the plea was accepted. *See United States v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992)(*en banc*) ("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.").

At Dumouchelle's plea hearing, the court went through the Rule 11 plea colloquy and subsequently made a finding that the plea was knowingly and voluntarily made and that it was "supported by an independent basis in fact

4

containing each of the essential element of the offense. I accept his guilty plea. I adjudge him guilty of count one, wire fraud." (ECF No. 38, PageID.249-50). Therefore, the presumption that the plea was "final and binding" has attached.

In *United States v. Haygood*, 549 F.3d 1049 (6th Cir. 2008), the Sixth Circuit Court of Appeals set forth this circuit's test for evaluating a motion to withdraw a guilty plea, and the related factors.

The factors in this circuit are the following:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has had prior experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

No one factor controls; the list is general and nonexclusive. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996). The relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well

as the motion to withdraw." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987). Plea withdrawals should generally not be allowed where a defendant has made "a tactical decision to enter a plea, waited several weeks, and then believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991).

When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.' " *Ellis*, 470 F.3d at 280. (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir.1992)).

## 1. Time Between Guilty Plea and Request for Withdrawal.

This factor weighs substantially against Dumouchelle. Dumouchelle pleaded guilty on September 14, 2020. This is the first time he has requested to withdraw his plea, after almost 2 years. Dumouchelle's Pre-Sentence Report ("PSR") was completed on December 4, 2020. No motion to withdraw was made for almost 19 months after the PSR was prepared. The Sixth Circuit has affirmed the denial of motions to withdraw filed much earlier than Dumouchelle's motion, recognizing lengthy delay as an important factor. See, e.g., *United States v. Cinnamon*, 112 Fed.Appx. 415, 418-19 (6th Cir.2004) (declining to allow a withdrawal motion that came at least 90 days after the guilty plea); *United States v. Baez*, 87 F.3d 805, 808

(6th Cir.1996) (67 days later); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988) (55 days later).

## 2. The Presence of a Valid Reason for Failing to Move for Withdrawal Earlier.

As to this factor, Dumouchelle asserts that his counsel was ineffective. As the government is drafting this response Dumoucehlle is filing pleadings relating to the effectiveness of his counsel. The government has not had a chance to review or investigation the claims he makes. However, the extraordinary lengths Dumouchelle's counsel has gone to in representing him makes it inconceivable to government counsel that the representation has been ineffective. Just one example of that is the fact that Dumouchelle's counsel has had a 52-page sentencing memorandum ready to file for at least a week and Dumouchelle has forbidden him to file it. This in the face of this court's refusal to extend deadlines.

To withdraw a plea agreement based on ineffective assistance of counsel, a defendant must show "(1) ... that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) ... that he suffered 'sufficient prejudice' from his counsel's errors." *United States v. Jones*, 336 F.3d 245, 253-54 (3rd Cir. 2003). Dumouchelle's circumstances have been known to him since before he pleaded guilty, throughout the preparation of his pre-sentence

report, to this very day.

**3. Defendant Does Not Assert His Innocence.**

As to factor (3), to the government's knowledge, Dumouchelle has not asserted that he is innocent. If he has done so in pleadings filed on this date or does so at the hearing scheduled for today at 3:00 p.m, it flies in the face of his assertions and conduct over the last two years. From the first, of many, proffer session Dumouchelle insisted that he and he alone was guilty of devising and executing his scheme to defraud. Not only did he not assert his innocence to any of the crimes, he robustly asserted his guilt and acceptance of responsibility. See *United States v. Brown*, 250 F.3d 811, 818 (3d Cir.2001) (finding that a plaintiff who "failed to meaningfully reassert her innocence or explain her contradictory positions taken before the District Court" could not withdraw her plea.)

**4. Circumstance Surrounding Defendant's Entry of the Guilty Plea.**

As to factor (4), the circumstances underlying the guilty plea are also important in consideration of why the defendant's motion should be denied. Pursuant to *Kastigar* protections, Dumouchelle was interviewed at length regarding his participation in these crimes. Dumouchelle, with the assistance of counsel, debriefed and bargained for the potential to drastically reduce the amount of time that he will be incarcerated if convicted. All the circumstances surrounding the guilty

plea suggest that the defendant should not be permitted to withdraw his plea.

**5-6. Defendant's Nature and Background; Defendant's Prior Experience with the Criminal Justice System.**

As to factors (5 and 6), Dumouchelle's recent conduct is consistent with his behavior in other legal matters he has faced. Dumouchelle has been sued in Oakland County Circuit Court by victim Ted Gelov. *Gelov v. Dumouchelle and Adducci*, Case No. 2019-172619-CK. In that matter Dumouchelle used medical excuses and change of counsel to avoid court deadlines.

On May 29, 2019, the Judge in the above referenced case ordered an evidentiary hearing to determine whether Dumouchelle should be held in contempt for presenting false documents to the court. Dumouchelle checked himself into a hospital the day before and did not show for the hearing. In Dumouchelle's bankruptcy hearing a creditor's examination was scheduled for September 10, 2019. At 4:46pm on September 9, 2019, Dumouchelle's counsel informed the court that Dumouchelle was retaining a new attorney and the hearing was postponed.

Dumouchelle is an educated 60-year-old. (PSR ¶¶ 105, 108). He communicates well and has shown a complete and detailed understanding of his case and the charges he faces.

**7. Potential Prejudice to the Government.**

As to factor (7), the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal. *United States v. Benton*, 639 F3d 723 (6th Cir. 2011). Here, because all preceding factors weigh against Dumouchelle and he has failed in his burden, the government asserts that it is not required to show that it would be prejudiced by withdrawal of the plea.

Moreover, defendants should not expect to be permitted to manipulate the guilty plea process to unreasonably delay their own trial, and in this case, obtain a look at the prosecution's entire case through the trial of a co-defendant. "A plea bargain…is contractual in nature and subject to contract-law standards." *United States v. Mandell,* 905 F.2d 970, 973 (6th Cir. 1990) (quotation and citation omitted); *United States v. Herrera,* 928 F.2d 769, 771 (6th Cir. 1991). When a defendant who has entered a knowing and voluntary plea of guilty, at a hearing at which he acknowledged committing the crime, the occasion for setting aside that guilty plea should seldom arise. *United States v. Morrison,* 967 F.2d 264, 268 (8th Cir. 1992). The "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *United States v. Horne,* 987 F.2d 833, 837 (D.C. Cir. 1993).

10

## **Conclusion**

Dumouchelle cannot show a fair and just reason for allowing him to

withdraw his guilty plea and his motion should be denied.

<div style="margin-left:50%">

Respectfully submitted,
DAWN N. ISON
United States Attorney

s/Karen L. Reynolds
Assistant United States Attorney
Karen.reynolds@usdoj.gov
(313) 226-9672

</div>

Date: July 18, 2022

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2022, I caused the foregoing Response to Defendant's Motion for Withdrawal of Guilty Plea to be electronically filed with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system which will send notification to the following ECF participant:

Gerald J. Gleeson, II
Gleeson@millercanfield.com

<u>s/Karen L. Reynolds</u>
Assistant United States Attorney
Karen.reynolds@usdoj.gov
Date: July 18, 2022                    (313) 226-9672

12