UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 20-20245

v.

HON. MARK A. GOLDSMITH

JOSEPH GREGORY DUMOUCHELLE,

      Defendant.

_____/

**OPINION & ORDER**
**REGARDING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Defendant Joseph DuMouchelle pleaded guilty to committing wire fraud, in violation of 18 U.S.C. § 1343. Rule 11 Plea Agreement (Dkt. 14). He filed 12 objections to the presentence investigation report (PSR) (Dkt. 98). These objections are summarized as follows:

- Objection No. 1: Regarding his history with T.R., DuMouchelle argues that he met first met Victim T.R. 20 years ago, not five or six years ago.

- Objection No. 2: Regarding the events that precipitated the Yellow Rose transaction, DuMouchelle argues that instead of contacting him about a debt that DuMouchelle owed, T.R. contacted DuMouchelle about opportunities for investment.

- Objection No. 3: Regarding the agreement for T.R. to buy the Yellow Rose, DuMouchelle asserts that T.R. promised to establish an escrow at J.P. Morgan Chase, but T.R. failed to do so. T.R. also demanded the seller's bank information, which DuMouchelle did not want to do in order to (i) protect the seller's privacy and (ii) prevent T.R. from circumventing DuMouchelle as the middleman. To make the sale, DuMouchelle provided T.R. with the seller's representative's information. Further, DuMouchelle asserts, an appraisal was done by the seller, not DuMouchelle's wife, Melinda Adducci.

- Objection No. 4: Initially, T.R. was directed to wire funds to a FineMark Bank account. DuMouchelle asserts that this account did not belong to him, as the PSR states, but, rather, belonged to his business. Further, DuMouchelle states that he asked R.D. of Gemworld International, Inc. to act as "go-between" and to provide a market research document for T.R. But DuMouchelle concedes that R.D. declined to receive the funds from T.R. and that "DuMouchelle deceived [T.R.] . . . by making it appear wire information was coming

- from R.D. as the seller's representative when emails were in fact being sent by DuMouchelle."

- Objection No. 5: As for the reasons that the funds were rejected by FineMark Bank, DuMouchelle contends that the PSR erroneously states the reason as the funds being too large. Rather, according to DuMouchelle, the bank declined to be a "pass through" for funds that would then have to be transferred to the seller's account.

- Objection No. 6: DuMouchelle asserts that R.D. misspoke when he told FBI agents that he does not usually prepare reports like the one DuMouchelle requested for the Yellow Rose transaction. According to DuMouchelle, R.D.'s website indicates that his company has prepared thousands of appraisal assignments.

- Objection No. 7: DuMouchelle contends that the PSR misstates when and where DuMouchelle met W.N., the seller of the Yellow Rose. Further, DuMouchelle asserts that W.N. made several false statements, including that (i) he never authorized DuMouchelle to sell the Yellow Rose, (ii) he did not know that DuMouchelle had taken 29 items belonging to W.N., and (iii) DuMouchelle had $12.5 million worth of merchandise by the end of 2018. According to DuMouchelle, (i) he was authorized to sell the Yellow Rose, (ii) W.N.'s staff allowed DuMouchelle to take all items and sell them, and (iii) the value of the merchandise at the end of 2018 was $11,018,514.50.

- Objection No. 8: In regard to the PSR's description of DuMouchelle transferring $4.250 million to W.N. from the $12 million wire transfer from T.R. to DuMouchelle, DuMouchelle states: "As with almost all funds [in accounts, funds] in business accounts are commingled. This was the case with DuMouchelle's accounts. All funds were commingled."

- Objection No. 9: DuMouchelle again contends that W.N. falsely stated that he never sent the Yellow Rose to DuMouchelle and never authorized him to sell it. Further, DuMouchelle charges that he later learned that W.N. never had proper ownership of the Yellow Rose.

- Objection No. 10: DuMouchelle asserts that he "did not intend to rob anyone" and that W.N. "made many lies, misrepresentations and untruths that DuMouchelle depended upon."

- Objection No. 11: DuMouchelle objects to the PSR's statement that he admitted to a history of alcohol and substance use, stating: "DuMouchelle has no history of alcohol or substance abuse."

- Objection No. 12: DuMouchelle asserts that he "did not devise a 'scheme to defraud' or take money." He contends that the Yellow Rose transaction "was a legitimate business sale and transaction involving a rare diamond DuMouchelle had for sale in his business office," though he concedes that the Yellow Rose "was admittedly never produced by the

seller." Further, while DuMouchelle seemingly concedes that he never paid T.R., he states that he "did not use the money for personal debts and expenses but for usurious high interest 'loan shark' business loans."

Objections 1 through 10 have no bearing on the calculation of the guidelines. They are additional facts or characterizations of fact from DuMouchelle's perspective, but none is material for purposes of applying the guidelines. The PSR will be modified to contain a statement that DuMouchelle makes the assertions set out in those objections, but that the Court makes no finding of fact about them.

As for objection 11, in which DuMouchelle contests the PSR's statement that he admitted to having a history of alcohol and substance abuse, it seems that DuMouchelle is now abandoning this objection, as reflected in his request for participation in a treatment program. Def. Mem. at 54 (Dkt. 94). The objection is overruled, as moot.

The Court overrules objection 12, in which DuMouchelle states that he "did not devise a 'scheme to defraud' or take money." That objection conflicts with his Rule 11 plea agreement. In his plea agreement, DuMouchelle admitted to committing wire fraud, which, as the plea agreement recites, includes the following element: "That the defendant knowingly devised and executed a scheme to obtain money and property by means of material false and fraudulent pretenses, representations, and promises[.]" Rule 11 Plea Agreement at 2. "A fact admitted to during a guilty plea cannot later be contested when it appears in the defendant's PS[R]." United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009); see also United States v. Jones, 823 F. App'x 837, 841 (11th Cir. 2020) (affirming district court's decision to overrule objections to PSR on the basis that the objections contradicted the defendant's plea agreement, and explaining that where a defendant has entered into a plea agreement, he cannot use objections to undercut his PSR; rather,

3

he has "only two options if he wanted a lower sentence: withdraw his plea or argue for a variance").

Therefore, objection 12 is overruled.

    SO ORDERED.


Dated: July 27, 2022                      s/Mark A. Goldsmith
     Detroit, Michigan            MARK A. GOLDSMITH
                                             United States District Judge