United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 02/14/2023.

**Case Name:** USA v. Joseph Dumouchelle
**Case Number:** 22-1669

**Docket Text:**
ORDER filed: We GRANT counsel's motion to withdraw [6905339-2] and AFFIRM the district court's judgment. Decision not for publication, pursuant to FRAP 34(a)(2)(C), Mandate to issue;. Ralph B. Guy, Jr., Circuit Judge; Karen Nelson Moore, Circuit Judge and Raymond M. Kethledge, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Joseph Gregory Dumouchelle
Livingston County Jail
150 S. Highlander Way
Howell, MI 48843

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. Steven S. Nolder
Ms. Karen L. Reynolds

**NOT RECOMMENDED FOR PUBLICATION**

No. 22-1669

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 14, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| JOSEPH GREGORY DUMOUCHELLE, ) | MICHIGAN |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Joseph Gregory DuMouchelle appeals his conviction and 151-month sentence for wire fraud. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

DuMouchelle waived indictment and pleaded guilty to an information charging him with wire fraud, in violation of 18 U.S.C. § 1343. The plea agreement provided that DuMouchelle waived his right to appeal his conviction and, if his sentence did not exceed 151-months of imprisonment, his right to appeal his sentence.

A year after DuMouchelle entered his guilty plea and days before his scheduled sentencing, his appointed counsel filed a motion to withdraw. The district court granted the motion after a hearing, and new counsel, Gerald J. Gleeson II, was appointed to represent DuMouchelle. Three months after Gleeson entered his appearance and the day before a filing deadline, Gleeson also filed a motion to withdraw. The district court conducted a hearing and subsequently denied Gleeson's motion.

The parties disputed whether the loss amount in the case exceeded $25 million. *See* USSG § 2B1.1(b)(1)(L). The district court conducted an evidentiary hearing as to the amounts of loss and restitution, and the parties submitted post-hearing briefs. DuMouchelle ultimately maintained that the loss amount totaled $23,368,801. After considering the evidence presented at the hearing and the parties' arguments and concessions, the district court concluded that the government had established by a preponderance of the evidence that the loss amount totaled $25,308,216 and that, based on the government's concession that $101,815 had been returned to the victims, the restitution amount totaled $25,206,401.

In the meantime, DuMouchelle filed pro se requests for Gleeson's withdrawal and replacement and, through counsel, a motion to withdraw his guilty plea. After a hearing, the district court denied DuMouchelle's requests for replacement counsel and also denied his motion to withdraw his guilty plea.

Prior to sentencing, the district court issued orders addressing DuMouchelle's objections to the presentence report. The district court also invited the parties to brief whether DuMouchelle should receive a reduction for acceptance of responsibility under USSG § 3E1.1. At sentencing, the district court denied any reduction for acceptance of responsibility and calculated the guidelines range as 135 to 168 months of imprisonment based on a total offense level of 33 and a criminal history category of I. After a thorough review of the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced DuMouchelle to 151 months of imprisonment followed by three years of supervised release. The district court ordered DuMouchelle to make restitution in the total amount of $25,206,401 in accordance with its prior ruling and to pay a $12 million forfeiture money judgment to the United States.

This timely appeal followed. This court granted Gleeson's motion to withdraw and appointed new counsel to represent DuMouchelle on appeal. DuMouchelle's new counsel has filed a brief and a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967), and Sixth Circuit Rule 12(c)(4)(C), asserting that he conscientiously reviewed the record and found nothing to support a reasonable argument on appeal. Counsel's thorough *Anders* brief addresses DuMouchelle's appeal waiver, his guilty plea, his motions to withdraw his guilty plea

and to compel the government to file a motion under USSG § 5K1.1, and his sentence. Counsel concludes that there are no meritorious issues for appeal. Because counsel has filed an adequate *Anders* brief and our independent review of the record reveals no arguable issues, *see Penson v. Ohio*, 488 U.S. 75, 82-83 (1988), we grant counsel's motion to withdraw and affirm the district court's judgment.

We review de novo the validity of DuMouchelle's guilty plea. *See United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). A guilty plea is constitutionally valid if it is voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Dixon*, 479 F.3d at 434. In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Dixon*, 479 F.3d at 434 (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). A review of the record demonstrates that the district court fully complied with Rule 11 and that DuMouchelle was actively engaged in the plea colloquy. Under the circumstances, DuMouchelle's guilty plea was voluntary, knowing, and intelligent. *See United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005). And by entering a valid and unconditional guilty plea, DuMouchelle waived his right to appeal any non-jurisdictional defects in the pre-plea proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997).

We review de novo DuMouchelle's waiver of his appeal rights. *See United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015). "It is axiomatic that as part of a valid plea agreement, criminal defendants may 'waive many of [their] most fundamental' legal rights, including their right to appeal." *United States v. Milliron*, 984 F.3d 1188, 1192-93 (6th Cir.) (alteration in original) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)), *cert. denied*, 141 S. Ct. 2653 (2021). "A waiver provision is binding and forecloses appellate review if (1) the defendant's claim falls within the scope of the appeal waiver provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *Id.* at 1193 (citing *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012)).

DuMouchelle's plea agreement stated: "The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed **151 months**, the defendant also waives any right he may have to appeal his sentence on any grounds." DuMouchelle's broad appeal waiver encompasses any issues related to his conviction, including the denial of his post-plea motions for new counsel and to withdraw his guilty plea. *See Toth*, 668 F.3d at 378-79; *United States v. Lujan*, 536 F. App'x 820, 822 (10th Cir. 2013) (per curiam). And because DuMouchelle's sentence did not exceed 151 months of imprisonment, his appeal waiver also encompasses any issues related to his sentence, including the restitution order. *See United States v. Grundy*, 844 F.3d 613, 614-17 (6th Cir. 2016); *United States v. Winans*, 748 F.3d 268, 271-72 (6th Cir. 2014).

Under Rule 11, the district court "must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). During the plea hearing, the district court confirmed that DuMouchelle understood that he was giving up his right to appeal his conviction on any grounds and that, if his sentence did not exceed 151 months of imprisonment, he was also giving up his right to appeal his sentence on any grounds.

The record demonstrates that DuMouchelle knowingly and voluntarily waived his right to appeal any issues related to his conviction and sentence. DuMouchelle's appeal waiver is valid and precludes us from reviewing his conviction and sentence. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

Accordingly, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk