UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

      Plaintiff,

                                     Criminal No. 20-cr-20245

v.                                   Hon. Mark A. Goldsmith

Joseph Gregory Dumouchelle,

      Defendant.

---

## United States' Opposition to Defendant's Compassionate Release Motions

Less than eight months into a 12+ year sentence, Defendant DuMouchelle filed for compassionate release, citing Covid-19 and underlying health factors. But he has not exhausted his administrative remedies or satisfied the statutory requirements. His motion and supplemental motion should be denied.

### I.   Background

DuMouchelle was sentenced on July 28, 2022, to 151 months in federal prison, ECF 115, for a wire fraud scheme that "cheated investors and consignor's out a of staggering sum of money and jewelry" with a total loss amount of over $25 million. ECF 110. This was after DuMouchelle pled guilty, then filed a motion to withdraw his plea and dismiss the case, among other filings, requiring

substantial pre-sentencing litigation.  *See* ECF 125 (sentencing transcript at

PageID.1464, summarizing the history).

On March 6, 2023, less than eight months after sentencing, DuMouchelle's

*pro se* motion for compassionate release was docketed.  ECF 128.  The Court

appointed counsel to represent him, and the original motion was later supported by

counsel's Supplemental Motion for Compassionate Release filed November 14,

2024, and a motion to amend the Supplemental Motion, which the Court allowed.

ECF 155 and 156.

Before filing his motion—and as of November 18, 2025—DuMouchelle

has not filed a single request for an administrative remedy in the BOP

Administrative Remedy Program.  Exhibit A (noting at the bottom "NO REMEDY

DATA EXISTS FOR THIS INMATE"); Exhibit B – Sample Request for

Administrative Remedy (BP-9). In support of his motion, DuMouchelle submits

two "Request to Staff" forms dated December 5th and December 6, 2022.  ECF No.

128 at PageID.1538-1539.  On both forms, DuMouchelle informed staff that "I'm

filing for Compassionate Release" and states his reasons, but does not ask that

BOP file such a motion.  *Id.*  He also submits letters to the Assistant Warden and

another staff member, recounting a meeting with the Warden on December 5, 2022

"about a Compassionate Release" where he "gave her information regarding my

health and my concerns," after which the Warden asked DuMouchelle to meet with

Ms. Fahie about these concerns. ECF No. 128 at PageID.1538-1545.  Although

Mr. DuMouchelle's desire to file for compassionate release is clear, he does not

appear to have asked the Warden to file on his behalf.

As for the substance of the motions, DuMouchelle contends that his

"untreated and deteriorating hip," blood pressure, heart conditions, "possible

prostate cancer," and "various other … health conditions," combined with the "dire

specter of the Covid-19 pandemic" warrant his early release.  Supp. Motion, ECF

155 at PageID.1784.

## II.  Applicable Law

A district court has "no inherent authority … to modify an otherwise valid

sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather,

a district court's authority to modify a defendant's sentence is "narrowly

circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008).

Absent a specific statutory exception, a district court "may not modify a term of

imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section

3582(c)(1)(A) permitting compassionate release is one exception that permits a

district court to reduce a sentence, but only if a prisoner can meet three substantive

requirements, and one procedural one. *United States v. Washington*, 122 F.4th 264,

266 (6th Cir. 2024).

Procedurally, compassionate release requires exhaustion of administrative remedies within the Bureau of Prisons.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832–36 (6th Cir. 2020).   If the Director of the BOP does not file a motion for compassionate release, the defendant may file one, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.*  The Sixth Circuit has declined to "innovate an equitable exception" to this rule, noting that "the norm is to follow a mandatory rule unless the statutory exceptions apply."  *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

Three substantive requirements exist as well.  First, the prisoner must show that extraordinary and compelling reasons warrant the sentence reduction. *United States v. Washington*, 122 F.4th 264, 266 (citing § 3582(c)(1)(A)(i)). Second, "the court must determine that reducing the sentence would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (quoting § 3582(c)(1)(A)). And third, even if a defendant is eligible for compassionate release, a district court may not grant the motion unless the factors in 18 U.S.C. § 3553(a) support release. *Id.*; *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020).

### III. Argument

Here, DuMouchelle has failed to exhaust his administrative remedies. And as a substantive matter, he fails each of the three prongs. Neither the Covid-19 pandemic nor his standard medical conditions—which BOP is addressing and can address—warrant compassionate release from a 12+ year sentence after less than 4 years.

### A. DuMouchelle has not exhausted his administrative remedies.

Congress and the Sixth Circuit have been clear that a defendant must "fully" exhaust his administrative "rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" before filing a compassionate release motion on his own, or wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832–36 (6th Cir. 2020).

The Administrative Remedy Program is described at 28 C.F.R. § 542.10, et seq., Administrative Remedy Procedures for Inmates.[1] Ordinarily, once an inmate has attempted to informally resolve an issue, the administrative remedy process commences by filing a Request for Administrative Remedy (BP-9) with the Warden of the facility where the inmate is confined. If the inmate is not satisfied

---

[1] BOP Program Statements are available for inmate access via the institution law library. Additionally, administrative remedy filing procedures are outlined and explained to inmates during Admission and Orientation.

with the BP-9 response, the inmate may appeal by filing a Regional Administrative Remedy Appeal (BP-10) with the Regional Office within 20 days of when the warden signed the response.  If dissatisfied with the Regional response, the inmate may appeal to the BOP's Office of General Counsel via a Central Office Administrative Remedy Appeal (BP-11) within 30 days of the Regional Director's signed response.  Appeal to BOP's Office of General Counsel is the final step in the BOP's administrative remedy process.  The response from the General Counsel's Office is considered the final agency decision.  To properly exhaust all administrative remedies, an inmate must timely and properly present a claim to each level, have that remedy request accepted, and receive an actual response to that request.

BOP policy provides that the inmate is to obtain the appropriate form from institution staff (ordinarily, the correctional counselor).  It further notes, the "Request for Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the institution."  28 C.F.R. § 542.14.  If the inmate submits a request for remedy, but does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.  28 C.F.R. § 542.18

Here, DuMouchelle has not filed a single administrative remedy request. Exhibit A, see also Exhibit B (sample administrative remedy request form).

This is a "glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"As the movant, defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. Darrell Ray*, No. 3:02-CR-129-TAV-DCP-1, 2025 U.S. Dist. LEXIS 113022, at *6 (E.D. Tenn. June 13, 2025).  While DuMouchelle may have begun the informal process, his attempts are doubly flawed.  *First*, he does not appear to have asked <u>BOP</u>—even informally—to file a motion on his behalf.  Rather he announces his <u>own</u> intention to file for compassionate release. ECF No. 128 at PageID.1538-1545 ("I'm filing for Compassionate Release" repeated throughout).  *Second*, DuMouchelle failed to file a request with the warden, which is what the statute requires.  *Compare* 18 U.S.C. § 3582(c)(1)(A) "receipt of such request by the warden of the defendant's facility" *with* ECF No. 128 at PageID.1538-1545 (correspondence with other staff members, and no BP-9 form).

As the Sixth Circuit has held, the way to "divine whether the Bureau of Prisons may wish to act on any given petition" is the administrative remedy process.  *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).  DuMouchelle has failed to exhaust his administrative remedies, and his motions must therefore be denied. *Id*.

**B. DuMouchelle fails to establish any extraordinary and compelling reason to justify compassionate release**

Even if DuMouchelle had exhausted his administrative remedies, he fails to establish any of the applicable factors.

The Sixth Circuit recently set the binding standard for when medical conditions can constitute "extraordinary and compelling reasons" for a sentence reduction, under the first of the three applicable factors. *United States v. Williams*, No. 25-3241, 2025 U.S. App. LEXIS 32556, at \*6 (6th Cir. Dec. 12, 2025). "[Defendant] must show that he is (1) suffering from a medical condition necessitating longterm or specialized care; (2) not getting that care; and, therefore, (3) 'at risk' of death or serious health deterioration." *Id*.

Here, none of the conditions that Defendant brings to the Court's attention—a laundry list of *all* his conditions—meet this standard.

Sixth Circuit law forecloses DuMouchelle's central claim that the Covid-19 pandemic warrants compassionate release.  "[W]ith 'vaccinations [widely] available to federal prisoners,' [they cannot make compassionate-release] claims about the dangers of COVID-19." *Ocampo,* 650 F. Supp. 3d at 583, quoting *United States v. McCall*, No. 21-3400, 56 F.4th 1048, 2022 U.S. App. LEXIS 35473, 2022 WL 17843865, at \*11 (6th Cir. Dec. 22, 2022) (en banc) (quoting *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)).  And "several courts, including this

Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A)." *United States v. Ocampo*, 650 F. Supp. 3d 578, 583 (E.D. Mich. 2023); *United States v. Hogg*, 592 F. Supp. 3d 627, 631 (E.D. Mich. 2022); *United States v. Burlingame*, 586 F. Supp. 3d 705, 711-12 (E.D. Mich. 2021) (collecting cases).

DuMouchelle's left hip problems do not meet the standard.  He asserts in 2023 that his right hip has been replaced, and his "left hip is bone on bone and needs surgery."  ECF 128 at PageID.1527-28.  In 2024, he contended that the issue was "untreated and deteriorating" and "needs a hip replacement."  ECF 155 at PageID.1784 and 1791.  According to the most recent records, DuMouchelle's hip conditions are actually improving under injections, and he "desires to wait until he is released before considering surgery."  Ex. C (filed under seal).  This issue has been recently addressed on 10/28/25 with "very effective" pain reduction via an injection (which previously gave 4 months of relief), and "exercise programs to strengthen his hips".  Ex. C (Hip Medical Records).  If DuMouchelle does not *want* surgery, that cannot be the basis of a valid claim.  *See United States v. Williams*, No. 25-3241, 2025 U.S. App. LEXIS 32556, at *6 (6th Cir. Dec. 12, 2025).

And the medical records belie DuMouchelle's other claims to having "untreated" conditions, or any condition that is "deteriorating."  See Exs. D and E

(urology, blood pressure, cardiovascular, orthopedic, and other general medical records, all indicating regular medical visits, appropriate medications, and readings within normal ranges).  His blood pressure and hypertension has appropriate medicines, and regular visits. Exhibit D.  His cardiovascular observation is described as "within normal limits." *Id.*  His complaints about not having a colonoscopy are concluded with—at the end of his supplemental affidavit—Mr. DuMouchelle receiving a colonoscopy, but complaining about conditions that are standard protocol to prepare for that treatment. ECF 156-1 at PageID.1938.

All in all, Defendant is receiving the care he needs, and he is not at risk of death or serious health deterioration.  Exs. C, D, and E; *see United States v. Williams*, No. 25-3241, 2025 U.S. App. LEXIS 32556, at *6 (6th Cir. Dec. 12, 2025).  "[Defendant] must show that he is (1) suffering from a medical condition necessitating longterm or specialized care; (2) not getting that care; and, therefore, (3) 'at risk' of death or serious health deterioration." *Id*.

### C. DuMouchelle fails to establish that the 3553(a) factors favor release

Finally, DuMouchelle completely fails to establish that the traditional sentencing factors favor his release.  The Court already considered those factors and imposed a 151-month sentence.  Now—with less than 1/3 of that sentence complete—there is nothing in DuMouchelle's submissions that should prompt the Court to reconsider.

**IV.  Conclusion**

DuMouchelle's motions for compassionate release should be denied.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*S/K. Craig Welkener*
K. Craig Welkener (DC 1033585)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: January 16, 2025